WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Simon Russell,<br><br>               Plaintiff,<br><br>v.<br><br>Werner Enterprises Incorporated,<br><br>               Defendant. | No. CV-14-02474-TUC-RM (EJM)<br><br>**REPORT AND<br>RECOMMENDATION** |

Pending before the Court is Plaintiff Simon Russell's Motion to Consolidate. (Doc. 55). Plaintiff originally filed this personal injury action on November 13, 2014 against Defendants Mauricio Flores ("Flores") and Werner Enterprises, Inc. ("Werner"). (Doc. 1). Plaintiff seeks damages from Werner for injuries he sustained when a truck driven by Flores in the course and scope of his employment with Werner collided with Plaintiff's vehicle. (Doc. 1). The Court previously granted Plaintiff's motion to dismiss Defendant Flores without prejudice from this action. (Docs. 11, 13).

On February 16, 2016, Plaintiff opened a new action by filing a civil complaint against Flores. (CV-16-0088-TUC-RM). On March 15, 2016, Plaintiff filed a Motion to Consolidate *Russell v. Werner*, CV-14-02474, with *Russell v. Flores*, CV-16-00088. (Doc. 55). The Motion has been fully briefed, and the Court heard oral argument from the parties on June 27, 2016. For the following reasons, the undersigned recommends that the District Judge grant Plaintiff's Motion to Consolidate.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2014, Plaintiff, by and through prior counsel, filed a single complaint against Werner Enterprises, Inc. and Mauricio Alberto Flores and Jane Doe Flores, a married couple. (Doc. 1). At that time, Flores was facing a criminal charge of endangerment in Graham County Superior Court related to the same accident at issue in this civil case. (Doc. 55 at 3). On February 12, 2015, this Court granted Plaintiff's Motion to Dismiss Defendants Flores and Jane Doe Flores without prejudice. (Docs. 11, 13).

On March 17, 2015, a telephonic Rule 16 scheduling conference was held before the Court. (Doc. 21).  Pursuant to that conference and Rule 16(b) of the Federal Rules of Civil Procedure, this Court ordered the parties to abide by the stipulated schedule and rules. *Id.* The parties were given until May 1, 2015 for leave to move to join additional parties or to amend pleadings, and the order stated that thereafter, the Court would not entertain such motions unless good cause was shown under Rule 16 of the Federal Rules of Civil Procedure. *Id.* at 1–2.

On June 25, 2015 the parties filed a stipulation to request that the Court continue the discovery and disclosure deadlines by sixty (60) days "so as to allow newly substituted counsel and the parties additional time to conduct any necessary discovery and adequate time to prepare for trial." (Doc. 32). The Court granted the stipulation and continued the deadlines by 60 days. (Doc. 33).

On September 29, 2015 the parties made a second request that the Court continue discovery and disclosure deadlines by an additional ninety (90) days. (Doc. 40). The parties explained that the continuance was necessary because Plaintiff had been unable to depose Flores due to the ongoing criminal case. (Doc. 40 at 2). The parties further stated that Plaintiff should have the opportunity to depose Flores and to conduct additional discovery related to aggravated liability and punitive damages before providing final expert opinions on those topics, and that more time should be given to Werner to do the investigation and work necessary to adequately assess the Plaintiff's damages. *Id.* The Court granted the parties' stipulation and continued the deadlines by 90 days. (Doc. 41).

On January 7, 2016 the parties filed a third request to continue certain discovery and disclosure deadlines. (Doc. 48). The parties explained that Flores' criminal case was still ongoing and as result Flores would invoke his Fifth Amendment rights if deposed prior to his criminal sentencing. (Doc. 48 at 1). The Court granted the parties' stipulation and extended the deadlines as requested. (Doc. 51).

On January 21, 2016 Flores pled guilty to the criminal charge and was sentenced. (Doc. 55 at 3). Plaintiff's counsel deposed Flores the following day. *Id.*

On February 8, 2016, the parties filed a fourth request to extend the discovery and disclosure deadlines. (Doc. 53). The parties explained that although Flores had been deposed, the parties needed more time to schedule additional depositions, review transcripts, and provide rebuttal opinions. *Id.* at 1–2. The parties also explained that Plaintiff had undergone another collision-related surgery in January 2016, and that his treating medical providers were now in a position to provide opinions regarding Plaintiff's prognosis and future care needs. *Id.* at 2. The Court granted the parties' stipulation and extended the requested deadlines. (Doc. 54).

At an unspecified time following Flores' plea deal and deposition, Plaintiff's counsel approached Werner about a stipulation to allow Plaintiff to add Flores as a defendant in *Russell v. Werner*, but Werner stated it would object. (Doc. 55 at 3). Plaintiff's counsel explains that because of their concerns regarding the "statute of limitations and anticipated briefing on whether good cause exists to add Flores to the lower-numbered case," Plaintiff filed the separate action against Flores on February 16, 2016. *Id.* at 3–4. On March 15, 2016 Plaintiff filed the present motion to consolidate the two cases. (Doc. 55). Plaintiff contends that consolidation is appropriate because both cases "arise from the same event, involve substantially the same parties and claims, call for a determination of substantially the same questions of law, and if not consolidated, would entail substantial duplication of labor if heard by separate judges or in separate trials." *Id.* at 2.

Werner concedes that the claims against it and Flores both arise out of the same

event, that there is commonality among the parties, and that typically under these circumstances such claims would be consolidated. (Doc. 61 at 3). However, Werner argues that granting consolidation at this stage in the proceedings would cause inconvenience, delay, and significant expense, and would result in an extended stay of the lawsuit. *Id.* at 1, 4. Flores similarly argues that consolidation is inappropriate because the two cases involve distinct questions of law and are at different stages of the pre-trial process. (Doc. 65 at 2). Flores also argues that either Werner or Flores will be prejudiced if consolidation is granted due to a possible complication involving Flores' conviction in the related criminal matter and A.R.S. § 13-807.[1] *Id.* at 3. Finally, Werner and Flores argue that Plaintiff has failed to "show[] good cause to file what amounts to be an amended pleading" under Fed. R. Civ. P. 16. (Doc. 61 at 1; Doc. 65 at 2).

After considering the parties' pleadings and the oral arguments, the undersigned concludes that consolidation is appropriate.

## II.   LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure permits the district court to consolidate cases that in the court's judgment involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

Similarly, LRCiv 42.1(a) authorizes consolidation of cases before a single judge whenever two or more cases are pending before different judges and the cases "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges."

## III.   DISCUSSION

### A. Motion to Consolidate

Under Rule 42(a), "[t]he district court has broad discretion . . . to consolidate cases

---

[1] This statute precludes defendants from denying the essential allegations of a criminal offense in a related civil matter. See discussion infra at 7–8.

1    pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
2    877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, the court "balance[s] the
3    interest of judicial convenience against the potential for delay, confusion and prejudice
4    that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, 2006
5    WL 898155, at *1 (D. Ariz. Apr. 4, 2006) (citations omitted). In reviewing a motion to
6    consolidate, the court "weighs the saving of time and effort consolidation would produce
7    against any inconvenience, delay, or expense that it would cause." *Huene v. United*
8    *States*, 743 F.2d 703, 704 (9th Cir.), on reh'g, 753 F.2d 1081 (9th Cir. 1984).

9         Here, Werner and Flores argue that any judicial economy accomplished through
10    consolidation would be outweighed by inconvenience, delay, and expense because the
11    two cases are at vastly different stages of the litigation process. (Doc. 61 at 1; Doc. 65 at
12    1, 4).  Regarding expense, Werner states that although it has already incurred the cost to
13    hire separate counsel to defend Flores in *Russell v. Flores*, consolidating these matters "in
14    an expedited fashion will likely come at a premium." (Doc. 61 at 4). Plaintiff counters
15    that if consolidation is granted, Werner's "defense costs will be exponentially less . . . as
16    there would be only one trial, as opposed to two trials." (Doc. 62 at 3). The undersigned
17    concludes that while consolidation will likely cause delay and resulting expenses in order
18    to bring Flores' counsel up to speed, keeping the matters separate and holding two
19    separate trials would cost all parties significantly more, and would also require increased
20    judicial time and resources.

21         To further support the argument of inconvenience, delay, and undue expense,
22    Flores cites *Robert Kubicek Architects & Associates, Inc. v. Bosley*, 2012 WL 6554396
23    (D. Ariz. Dec. 14, 2012) ["RKAA"]. In *RKAA*, the court held that consolidation was
24    inappropriate largely because the cases were "at opposite stages of litigation." *Id.* at *8.
25    The court reasoned that discovery in the first case had ended some 5 months earlier, "and
26    with the entry of this order the case is now ready for trial.  By contrast, the Bashas' action
27    is only in its beginning stages, and the extent of triable claims in that case is as yet
28    unknown." *Id.* Flores argues that the present case is similar to *RKAA* because while

Plaintiff and Werner "have extensively and vigorously litigated the lawsuit between them," the case between Plaintiff and Flores is "just through the pleadings stage," and "[m]any pretrial deadlines have already expired which would exclude defendant Flores from participating in any meaningful and necessary discovery." (Doc. 65 at 5–6). Plaintiff responds that *RKAA* is "distinguishable from this litigation" because in that case "a motion to consolidate was filed *after* discovery had closed in the earlier filed action, a fully dispositive motion for summary judgment motion was filed and briefed, and the case was ready for trial." (Doc. 71 at 7). Plaintiff argues that here, unlike *RKAA*, fact and expert discovery is still ongoing and Flores' counsel will have the opportunity to participate in upcoming depositions. *Id.* Plaintiff also notes that while Werner has filed a dispositive motion, the motion is not fully briefed and will not be for several months. *Id.*

The Court acknowledges that discovery has been ongoing in *Russell v. Werner* and that many of the pretrial deadlines set in the Court's Rule 16 scheduling order have already expired. However, discovery has not yet concluded, and the parties are continuing to schedule depositions. In addition, the two partial motions for summary judgment filed by Werner will not be fully briefed until September. (*See* Doc. 85). Thus, unlike *RKAA*, *Russell v. Werner* is not ready to be set for trial and will likely not be ready for quite some time. Furthermore, should the District Court adopt the undersigned's recommendation to grant consolidation, the Court will also presumably grant extensions of previously expired deadlines as warranted so as to avoid prejudicing Flores. Plaintiff's counsel has expressed his willingness to work with opposing counsel to bring Flores up to date and extend the discovery deadlines as needed. (Doc. 81 at 19:15–17).

Flores also claims that he cannot simply join in Werner's disclosure because the two cases are in different phases of litigation and the "defendants would be required to litigate different areas of law that would require distinct experts and additional discovery." (Doc. 65 at 5). Plaintiff alleges that this argument is mistaken because "Rule 42 requires only '*a* common question of law or fact' . . . in part to 'avoid unnecessary cost or delay.'" (Doc. 71 at 3) (citations omitted). Plaintiff further notes that "Rule 42 has

been interpreted to allow consolidation based on 'a common question *by itself* . . . even if the claims arise out of independent transactions.'" *Id.* (citations omitted). Additionally, Plaintiff argues that his personal injury claims arise from a single event, the May 22, 2014 motor vehicle crash, and "[a]s with most personal injury matters, there will be a multitude of common issues of fact and law against these defendants—negligence (or lack thereof), causation, damages, and whether Flores' actions give rise to punitive damages." *Id.* Plaintiff cites to an Arizona Court of Appeals case where the court granted consolidation, noting "[i]f Plaintiffs were allowed to proceed with separate suits against City and Defendants, the damage awards could be inconsistent, and the resulting allocation of fault among defendants could be other than one hundred percent." *Id.* at 3–4. (quoting *Behrens v. O'Melia*, 206 Ariz. 309, 311 (Ct. App. 2003)). The undersigned finds that even if Plaintiff's claims against Werner and Flores are not completely identical, the claims arise from the same single incident and there is sufficient commonality among the claims to warrant consolidation under Rule 42.

Flores further claims that the two cases involve distinct questions of law because the complaint in *Russell v. Flores* focuses on "defendant Flores' plea to the crime of endangerment and the effect of A.R.S. § 13-807." (Doc. 65 at 3). Section 13-807 states that:

> A defendant who is convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim or this state against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from no contest plea. An order of restitution in favor of a person does not preclude that person from bringing a separate civil action and proving in that action damages in excess of the amount of the restitution order that is actually paid.

*Id.* Flores argues that the language of A.R.S. § 13-807 precludes a defendant "from denying the essential allegations of the offense" but that "a defendant is not precluded from establishing facts and defenses not in conflict with those elements." (Doc. 65 at 3) (citing *Williams v. Baugh*, 214 Ariz. 471, 475 (Ct. App. 2007). Flores further states that

"he is entitled to challenge, investigate, and conduct discovery regarding whether [the statute] is applicable," and that the Court's resolution of this issue will prejudice either Werner or Flores if the two cases are consolidated. (Doc. 65 at 3). Specifically, Flores claims that if the Court determines A.R.S. § 13-807 does not apply to Flores, then "Flores would be prejudiced by having Defendant Werner in the same case having accept[ed] fault when defendant Flores is challenging it." *Id.*[2] Alternatively, Flores argues that if the Court finds the statute does apply to him, then "Werner would be prejudiced because it not bound by A.R.S. § 13-807." *Id.*

In response to Flores' argument regarding complications under A.R.S. § 13-807, Plaintiff notes that "Arizona has a strong public policy that crime victims should be compensated for their injuries," and that § 13-807 clearly precludes "defendants from denying in a civil case the essential elements of their conviction in a criminal case." (Doc. 71 at 4) (citations omitted). Plaintiff explains that by pleading guilty to endangerment, a class six felony, Flores "has conclusively admitted that he disregarded a substantial risk that his conduct would cause a substantial risk of imminent death and his conduct did in fact create a substantial risk of imminent death," and that he cannot now deny those elements. *Id.* (citing A.R.S. § 13-1201).

The Court recognizes the possibility that Flores may seek to explain his plea agreement in the civil matter and that he may attempt to argue that A.R.S. § 13-807 does not apply here. However, the undersigned will not speculate as to what Flores may argue at some future time, nor will the Court speculate as to what its ruling would be on such hypothetical arguments. Furthermore, judicial instruction at trial would cure any

---

[2]   At oral argument, Flores' counsel stated that, "Werner has admitted responsibility for something that Mr. Flores is challenging," (Doc. 81 at 12:14–15), and explained that "there is a dispute over how the accident happened," *id.* at 19:2–3. When questioned by the Court, Werner's counsel explained that Werner denied fault in its answer to Plaintiff's complaint but that "agreement was made with initial plaintiff counsel that Werner would concede fault in the form of its first amended answer if plaintiff dismissed Mr. Flores. And so the vehicle that Werner used to conceded fault was through its first amended answer." *Id.* at 14:18–22. Plaintiff's counsel stated that negligence was admitted in the amended answer, but that the email discussions between Plaintiff's prior counsel and Werner's counsel concerned course and scope of employment, not negligence. *Id.* at 15:1–5.

difficulties arising under A.R.S. § 13-807.

In sum, in light of all the facts and circumstances, the two cases at issue here "involve a common question of both law and fact." Fed. R. Civ. P. 42. The claims "arise from substantially the same transaction or event" and "involve substantially the same parties or property." LRCiv 42.1(a). The same Plaintiff brings the allegations in both cases, and the allegations arise from the same incident. The Defendants were in an employer-employee relationship at the time of the accident, and Werner concedes that Flores was acting within the course and scope of his employment. (Doc. 12 at 2 ¶ 5). A decision to deny consolidation would require additional expenditure of judicial time and resources, and would be an impractical and unnecessary expense. These two cases are precisely the type of cases Rule 42(a) serves to consolidate. Accordingly, the undersigned recommends that the District Judge grant Plaintiff's Motion to Consolidate.

**B.  Leave to Amend**

Pursuant to Rule 15(a)(2), Fed. R. Civ. P., a party may amend after a responsive pleading has been served only with the opposing party's written consent or leave of the court. "The Court shall freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There is generally a strong presumption in favor of granting a party leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities . . . Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal quotations and citations omitted).

In determining the propriety of a motion for leave to amend, the Court considers five factors: (1) bad faith on the part of the moving party; (2) undue delay; (3) prejudice to the non-moving party; (4) whether the moving party has previously amended his complaint; and (5) the apparent futility of any proposed amendment. *Manzarek v. St. Paul Fire & Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *DCD Programs, Ltd. V. Leighton*,

833 F.2d 183, 186 (9th Cir. 1987). The Ninth Circuit has instructed that this "determination should generally be performed with all inferences in favor of granting the motion." *Griggs v. Pace Amer. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compusware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (*quoting DCD Programs*, 833 F.2d at 187).

Here, Defendants argue that Plaintiff's motion to consolidate is in effect a motion to file an amended pleading under Rule 15(a) and that Plaintiff has not shown the requisite good cause to amend the Court's scheduling order under Rule 16(b).

The Federal Rules of Civil Procedure recognize and thus make instructive the distinction between a motion to consolidate and a motion to amend. *See* Rule 42(a) and Rule 15(a). As a result, although both Rules may share common principles, the Court shall not disregard their distinction. Plaintiff has filed a Motion to Consolidate, and as discussed above, the Court has deliberated under the instruction of Rule 42(a) and finds that consolidation is appropriate.

However, even if the Court were to analyze Plaintiff's motion under Rule 15(a) and Rule 16(b), the undersigned would find good cause to allow amendment. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) Here, the Court finds that Plaintiff has acted diligently and has explained why he did not previously move to file an amended pleading when the criminal case against Flores was still pending, and why he instead filed a separate action against Flores. Both Plaintiff and Werner have conducted discovery in a diligent manner, and Plaintiff tried to depose Flores on several occasions but was unable to do so due to Flores' indication that he would invoke the Fifth Amendment if deposed prior to his criminal sentencing. Plaintiff's counsel continued to act diligently and deposed Flores immediately following his sentencing. Following the deposition, Plaintiff asked Werner to stipulate to allow

Plaintiff to re-add Flores as a defendant in *Russell v. Werner*, but Werner refused. Plaintiff's counsel then filed a separate action against Flores and immediately motioned to consolidate the two cases. This sequence of events illustrates Plaintiff's diligent efforts to depose Flores and move forward with a civil action against him. Additionally, the undersigned finds that the Defendants have failed to show prejudice sufficient to preclude amendment. As discussed above, the Court finds Werner's arguments of additional costs unconvincing, and Flores' concerns regarding distinct legal issues and different phases of litigation are easily solved by granting additional continuances of the deadlines set in the Court's scheduling order.

In sum, the Court finds that Plaintiff's Motion to Consolidate is appropriately resolved under Fed. R. Civ. P. 42, but even if considered under Rule 15(a) and Rule 16(b), good cause exists to allow Plaintiff to file an amended pleading naming Flores as a defendant.

## IV.   RECOMMENDATION

In conclusion, the Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Consolidate CV-00088-TUC-RM with CV-02474-TUC-RM (EJM). (Doc. 55).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id.* If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See U.S. v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003).

If objections are filed, the parties should use the following case number:

CV-14-02474-TUC-RM (EJM)

. . .

. . .

- 11 -

Dated this 20th day of July, 2016.

Eric J. Markovich
United States Magistrate Judge